IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| IRON THUNDERHORSE | § | |
| v. | § | CIVIL ACTION NO. 9:04cv222 |
| BILL PIERCE, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Iron Thunderhorse filed this lawsuit complaining of alleged violations of his constitutional rights, pertaining to the practice of religion. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

On September 2, 2005, Thunderhorse filed an amended complaint adding Brad Livingston and an individual named Lee Geners as Defendants. On September 19, 2005, the Attorney General filed an advisory saying that Geners is not a contract employee and that a search of the TDCJ employee database reveals no individual with this name as an employee in any capacity. On October 3, 2005, Thunderhorse responded by asking that Geners be dismissed. He states that at the evidentiary hearing held in this case on April 19, 2005, the TDCJ representative, Chaplain Lopez, said that the Defendant Ron Teel was no longer a TDCJ chaplain because he, Teel, had been terminated, but that on August 12, 2005, Teel filed an answer saying that he was the "Native American Religious Program Coordinator" for TDCJ-CID. Thunderhorse states that on May 6, 2005, an announcement was made on a prison radio program that a new chaplain for Native American programs had been chosen to replace Teel, this person being identified as Lee Geners. Thunderhorse asks that Geners be striken as a party, although reserving the right to call him as a witness.

Rule 41(a), Fed. R. Civ. P., permits plaintiffs to dismiss their actions without need for leave of court by either filing a notice of dismissal prior to service of a responsive pleading or by filing a stipulation of dismissal signed by all parties. Rule 41(a)(2), Fed. R. Civ. P., states that except as provided in Rule 41(a)(1), an action shall not be dismissed at the plaintiff's instance except upon order of court and upon such terms as the court deems proper.

In this case, Thunderhorse has requested that his claim against Lee Geners be dismissed and that Geners be dismissed as a party to this lawsuit. The Court has reviewed this motion and has determined that it is meritorious. It is accordingly

ORDERED that the Plaintiff's motion to dismiss Lee Geners as a party to this lawsuit is GRANTED. Geners shall be and hereby is DISMISSED as a party to this lawsuit. This dismissal is without prejudice.

So **ORDERED** and **SIGNED** this **28** day of **November, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE