IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| IRON THUNDERHORSE | § | |
| v. | § | CIVIL ACTION NO.  9:04cv222 |
| BILL PIERCE, ET AL. | § | |

<u>MEMORANDUM OPINION AND
PARTIAL ORDER OF DISMISSAL
OF DEFENDANT RON TEEL</u>

The Plaintiff Iron Thunderhorse, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se,* filed this lawsuit under 42 U.S.C. §1983 and other federal laws complaining of alleged violations of his constitutional rights.  The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Thunderhorse's original and amended complaints center around the issue of religious freedom.  After an extensive discussion of his long history fighting TDCJ-CID in court, Thunderhorse explains that he is a practitioner of Native American religion and refers to himself as a "shaman."  He states that the Native American religious program existing in TDCJ-CID, as it now stands, gives preferential treatment to "Christian-oriented" Native American beliefs while "disfavoring and excluding" traditionalist Native American ceremonial leaders known as shamans. He also complains that his right to practice his religion has been impeded in other ways as well

The defendant Ron Teel was ordered to answer and filed a *pro se* answer on February 28, 2005. This answer stated that Teel was a contract chaplain, not a TDCJ-CID employee.  This answer accepted Thunderhorse's allegations as true and expressed support for Thunderhorse in many aspects

1

of his complaint, but denied that he, Teel, was responsible for any of the conditions of which Thunderhorse complained.

On August 12, 2005, Teel, now represented by counsel, filed an amended answer . This was followed by Teel's motion for summary judgment, filed on January 23, 2006. This motion says that Teel has no personal involvement in any deprivation of Thunderhorse's rights, that he has never met Thunderhorse, and that Thunderhorse has never attended any worship ceremonies led by Teel. In an attached affidavit, Teel says that from 1998 through 2005, he was a Native American contract chaplain. He says that his duties were limited to performing limited worship ceremonies under the policies established by the TDCJ-CID Chaplaincy, and that he had no policy-making authority and no power to change anything about policies, even when he disagreed with them. Teel also stated that he had no part in the creation or perpetuation of the policies or conditions of which Thunderhorse complains.

In his response to Teel's motion for summary judgment, Thunderhorse says that Teel's original answer contradicts his motion for summary judgment. He points to other documents allegedly written by Teel, including a letter written to him in which Teel says that Thunderhorse should "go home and start a traditionalist circle because TDC will never allow one," and a letter written to a person named Sid Hawk Byrd calling Thunderhorse and other traditionalists "crybabies." No evidence is provided of any such letters. He complains that Teel represents himself as being Native American but has not proven this, and says that these facts show Teel's personal involvement.

## Legal Standards and Analysis

The only relief sought by Thunderhorse in his lawsuit is declaratory and injunctive. In this case, there is no dispute that Teel is no longer employed by TDCJ-CID in any capacity, contract or otherwise. There is no injunctive relief which can be awarded against Teel because, regardless of whether Teel ever had any policy-making role in the past, he clearly has none now. This is true regardless of whether Teel contradicted himself in his original answer and motion for summary judgment, and regardless of whatever statements Teel may have made in past correspondence.

Thunderhorse is not entitled to declaratory relief against Teel for the same reason. The Supreme Court has said that in considering a request for a declaratory judgment, "the question in each case is whether the facts alleged, under all the circumstances, show there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 273 (1941). There must be an on-going and brooding controversy between the parties. Preiser v. Newkirk, 422 U.S. 395, 403 (1975); *see also* Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). Thunderhorse has not shown that he is entitled to the relief he requests against Teel, and so his claim against Teel is without merit.

## Conclusion

The Court has carefully examined the record in this cause, including the Plaintiff's complaint, amended complaint, and other documents, the Defendant's motion for summary judgment, the Plaintiff's response thereto, as well as the competent summary judgment evidence properly before the Court. Upon such review, the Court has determined that there are no disputed issues of material fact which appear in the competent summary judgment evidence and that the Defendant is entitled to judgment as a matter of law. It is accordingly

ORDERED that the motion for summary judgment filed by the Defendant Ron Teel is hereby GRANTED.

ORDERED that the Plaintiff's claims against the Defendant Ron Teel are hereby DISMISSED with prejudice.

So **ORDERED** and **SIGNED** this **13** day of **February, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE